1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TREVOR TODD,                              No.  2:20-cv-1442 DB P

12                 Plaintiff,

13         v.                                   ORDER

14    SACRAMENTO COUNTY, et al.,

15                 Defendants.

16

17         Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff alleges that defendants violated his rights under the First, Fifth, Eighth,

19    and Fourteenth Amendments.  Presently before the court is plaintiff's first amended complaint for

20    screening.  (ECF No. 11.)  For the reasons set forth below, the court will dismiss plaintiff's first

21    amended complaint with leave to file a second amended complaint.

22                                    **SCREENING**

23    **I.      Legal Standards**

24         The court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28    ////

                                          1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

their employees under a theory of respondeat superior and, therefore, when a named defendant

holds a supervisorial position, the causal link between him and the claimed constitutional

violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

concerning the involvement of official personnel in civil rights violations are not sufficient.  See

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.       Allegations in the Complaint**

Plaintiff brings various claims against a long list of defendants including the Sacramento

County Sheriff's Department ("SCSD"), Rio Cosumnes Correctional Center ("RCCC") SCSD

Lieutenant Bradley Rose, Inmate Health Services ("IHS"), Jail Psychiatric Services ("JPS"),

SCSD Sergeant Britton, SCSD Lieutenant B. Amos, SCSD Lieutenant Alex McCamy, the Inmate

Welfare Fund ("IWF"), Deputy Keyes, Deputy Canella, Deputy Iraton, Nurse Jane Doe, and Dr.

Janet Abarshire.  (ECF No. 11 at 3.)

Plaintiff raises diverse claims involving that address numerous separate incidents.

Plaintiff claims include the following:

- SCSD and RCCC violated plaintiff's rights by placing him in unsanitary conditions
  related to risk of exposure to COVID-19.  (Id. at 4.)

- Defendant Rose violated plaintiff's Fifth Amendment right to due process by
  "disregarding grievances and facility commander appeals," which resulted in plaintiff
  being denied access to reentry programming.  (Id. at 5.)

- "By subjecting [plaintiff] to disciplinary segragation [sic] housing" for an extended
  period, defendant Rose violated plaintiff's Eighth and Fourteenth Amendment Rights.
  (Id.)

////

3

- Defendant Rose, Canella, and Keyes violated plaintiff's rights under the Americans with Disabilities Act ("ADA") by denying plaintiff access to re-entry programs.  (Id. at 6.)

- Defendant Iraton, IWF, and SCSD running a "for profit" inmate welfare fund violates plaintiff's right to due process and is cruel and unusual punishment.  (Id. at 7.)

- SCSD and IHS were deliberately indifferent to plaintiff's need for the assistance of a licensed optometrist as well as a prescription for glasses in violation of plaintiff's Eighth Amendment rights.  (Id. at 8.)

- JPS and IHS violated plaintiff's rights by disclosing plaintiff's medical information to other staff and inmates.  (Id. at 9.)

- Defendant Rose, defendant Britton, defendant Amos, and defendant McCamy failed to reply to ADA compliance requests, violating plaintiff's rights under the ADA.  (Id. at 10.)

- Defendant Gaspar and defendant Britton violated plaintiff's right to "fair access to counsel and the courts" by throwing away or misdirecting plaintiff's mail.  (Id. at 11.)

Plaintiff may also intend to bring additional claims in his complaint.  However, the list above are the claims which can be readily identified within the complaint.

### III.  Unrelated Claims against Different Defendants Belong in Different Suits

The complaint contains numerous claims involving different defendants and facts.  Many of these claims also involve different issues of law.

Plaintiff is informed that he may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).  While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

4

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or serious of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The fact that some of plaintiff's claims are based on alleged violations of plaintiff's rights under the ADA does not necessarily make claims related for purposes of Rule 18(a). Id. at 1351.

The court cannot identify a common question of law or fact in plaintiff's claims. Plaintiff raises issues that appear to be entirely unrelated. For example, plaintiff alleges that his rights were violated by IHS's failure to provide him with an optometrist (ECF No. 11 at 8), by the denial of access to reentry programs by defendants Rose (Id. at 5), and by Defendant Gaspar and defendant Briton denying plaintiff access to the courts (Id. at 7). The defendants in each of the claims in this example are different.[1] These claims also arise from a separate transactions or occurrences. (See Id. at 5, 7, 8.) Further, there is not a common question of fact or law that connects these claims. They originate from separate factual backgrounds and do not concern a common question of law.

Given the above, the claims in the complaint cannot be brought in a single action. Plaintiff's claims involve different defendants, do not arise from the same transaction or occurrence, and do not contain common questions of fact or law. As such, these claims must be brought in separate complaints. Fed. R. Civ. P. 20(a); Desert Empire Bank, 623 F.2d at 1375.

If plaintiff elects to file an amended complaint he should assert only claims arising from common events and containing common questions of law or fact. See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the

---

[1] Some of the claims raised in the complaint do involve the same defendant. (See, e.g., Id. at 5, 6.) However, the majority of plaintiff's claims involve different defendants.

1   sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that

2   prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 three the

3   number of frivolous suits or appeals that any prisoner may file without prepayment of the

4   required fees.") (citing 28 U.S.C. § 1915(g)).  Alternatively, plaintiff may select a single

5   defendant and bring as many claims as he has against that party.  See Fed. R. Civ. P. 18(a).

6   ## IV.    Amending the Complaint

7           Plaintiff will be given the opportunity to file an amended complaint.  In any amended

8   complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a

9   deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  Also, the complaint must

10  allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

11  Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

12  unless there is some affirmative link or connection between a defendant's action and the claimed

13  deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of

14  official participation in civil rights violations are not sufficient."  Ivey, 673 F.2d at 268.

15          Plaintiff is advised that in an amended complaint he must clearly identify each defendant

16  and the action that defendant took that violated his constitutional rights.  The court is not required

17  to review exhibits to determine what plaintiff's charging allegations are as to each named

18  defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

19  charging allegations must be set forth in the amended complaint so defendants have fair notice of

20  the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

21  support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

22  Fed. R. Civ. P. 8(a).

23          Any amended complaint must show the federal court has jurisdiction, the action is brought

24  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

25  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

26  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

27  Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

28  ////

6

1  he does an act, participates in another's act or omits to perform an act he is legally required to do
2  that causes the alleged deprivation).

3      In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
4  R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed.
5  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
6  occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

7      The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d
8  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
9  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
10  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
11  set forth in short and plain terms, simply, concisely, and directly.  <u>See</u> <u>Swierkiewicz v. Sorema</u>
12  <u>N.A.,</u> 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
13  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14      Plaintiff is informed that the court cannot refer to a prior pleading in order to make his
15  amended complaint complete.  An amended complaint must be complete in itself without
16  reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all
17  prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint,
18  each claim and the involvement of each defendant must be sufficiently alleged.

19      By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
20  has evidentiary support for his allegations, and for violation of this rule the court may impose
21  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 11) is dismissed.

2. Within thirty (30) days of the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner civil rights complaint form.

4. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 20, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/todd1442.scrn2

8